# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Petitioner,<br><br>v.<br><br>MARIBEL ALMONTE-FLORES,<br><br>Respondent. | Case No.: 14-CR-0255-L<br><br>**ORDER DENYING MOTION FOR MODIFICATION OF TERM OF IMPRISONMENT PURSUANT TO 18 U.S.C. § 3582(C)(2)** |

On November 10, 2014, Petitioner Maribel Almonte-Flores ("Petitioner"), proceeding *pro se*, filed a motion for relief of sentence pursuant to 18 U.S.C. § 3582(c)(2). Petitioner's motion is based upon retroactive Amendment 782 of the United States Sentencing Guidelines that pertain to drug trafficking offenses which became effective November 1, 2014. The Government filed an opposition to the motion. For the reasons set forth below, Petitioner's motion is **DENIED**.

## BACKGROUND

Petitioner pled guilty to Importation of Methamphetamine in violation of 21 U.S.C. §§ 952 and 960. On May 19, 2014, this Court sentenced Petitioner to 30 months in the custody of the Bureau of Prisons for one count of Importation of Methamphetamine, finding that the base offense level was 38, which was reduced to 34 with a 4 point minor role reduction. A 3 point reduction was applied for acceptance of responsibility, along

1

with a 2 point reduction for role, and a 2 point reduction for Safety Valve, for an adjusted base offense level of 27. After a 4 point reduction for Fast Track, and a 2-level variance under § 3553(a), the final calculation was 21, with a sentencing range of 37-46 months. After considering the factors in 18 U.S.C. § 3553(a), the Court sentenced Petitioner to 30 months.

## DISCUSSION

Petitioner now moves for a reduction of her sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 782 to the Sentencing Guidelines. Amendment 782 reduces the base offense level for drug trafficking offenses in § 2D1.1(c) of the Sentencing Guidelines, by. *See* Amendment 782, Supplement to Appendix C, Amendments to the Guidelines Manual. Petitioner falls within the purview of this change.

A motion for reduction of sentence under § 3582(c)(2) "is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give [them] the benefits of an amendment to the guidelines." *United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996) (quoting *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995) (internal quotation marks omitted)). Whether to reduce a sentence under § 3582(c)(2) is a discretionary decision. *See* 18 U.S.C. § 3582(c)(2) ("[T]he court *may* reduce the term of imprisonment.") (emphasis added); *Townsend*, 98 F.3d at 512 ("[T]he decision whether to reduce a sentence under § 3582 is within the discretion of the district court judge."); *United States v. Cueto*, 9 F.3d 1438, 1440 (9th Cir. 1993) ("Courts have discretion to reduce a previously imposed term of imprisonment when the Sentencing Commission reduces the sentencing range, and the reduction is 'consistent with applicable policy statements issued by the Sentencing Commission.' ") (quoting 18 U.S.C. § 3582(c)(2)).

In determining whether a sentence should be modified following amendment of the Guidelines, the Court should consider the term of imprisonment that it would have imposed had the amendment to the Guidelines been in effect at the time the particular

defendant was sentenced. U.S.S.G. § 1B1.10(b). In addition, the Court must consider the 18 U.S.C. § 3553(a) factors[1] and the danger to the public created by any reduction in a defendant's sentence. *Id*. at cmt. n. 1(B). The Court may also consider the defendant's post-sentencing conduct. *Id*.

Applying the amended Guidelines, Petitioner's new base offense level would now be a 36, rather than a 38, and her adjusted offense level would be 25. Petitioner remains in a criminal history category I. Neither the Fast Track departure nor the variances are calculated in the amended guidelines. Therefore, the resulting applicable guideline range is 57 to 71 months.

When the Court previously considered the §3553(a) factors at Petitioner's sentencing, the Court believed that a below-Guideline sentence was appropriate. After considering the §3553(a) factors anew, the danger to the public created by any reduction in Petitioner's sentence, the Court finds no further reduction in Petitioner's sentence is warranted. Petitioner's original 30 month sentence is still less than the low-end of the new Guideline range. The Court considers the originally imposed sentence of 30 months as the minimum necessary to address Petitioner's conduct, and thereby declines to reduce her sentence further.

//

//

---

[1] Section 3553(a) directs a court to consider the following factors in determining the particular sentence to be imposed: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for: (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines… (5) any pertinent policy statement… (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).

# CONCLUSION

Based on all of the above considerations, Petitioner's motion for a reduction in her sentence is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 6, 2017

_____
Hon. M. James Lorenz
United States District Judge

COPIES TO:

PETITIONER

U.S. ATTORNEY'S OFFICE